UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

N.G. et al.,

       *Plaintiffs*,

v.

DISTRICT OF COLUMBIA,

       *Defendant*.

Civil Action No. 20-2777 (TJK) (ZMF)

## MEMORANDUM OPINION

N.G. and her parents allege that Defendant failed to provide her with a free appropriate public education in violation of the Individuals with Disabilities Education Act, or IDEA. Specifically, they challenge the determination of a hearing officer who concluded that her individualized education program satisfied the relevant statutory requirements. The Court referred the case to Magistrate Judge Zia M. Faruqui. After the parties moved for summary judgment, he prepared a Report and Recommendation. The R&R recommends that the Court grant Defendant's motion for summary judgment and deny Plaintiffs' motion. Plaintiffs timely objected. For the reasons explained below, the Court will adopt the R&R, and as it proposes, grant Defendant's motion and deny Plaintiffs' motion.

**I.  Background**

The Court assumes familiarity with the factual and procedural background of this case. *See* ECF No. 28 at 2–7; *see also N.G. v. E.L. Haynes Pub. Charter Sch.*, No. 20-cv-1807 (TJK-ZMF), 2021 WL 3507557, at *1–6 (D.D.C. July 30, 2021). In sum, Plaintiffs sued Defendant after a hearing officer determined that Defendant's proposed individualized education program ("IEP") for N.G.'s 2019–2020 school year satisfied the requirements of the Individuals with Disabilities

Education Act ("IDEA"). The Court referred this matter to Judge Faruqui for full case management. *See* Minute Order of October 1, 2020. The parties then moved for summary judgment. ECF Nos. 18, 22. Judge Faruqui prepared an R&R recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiffs' motion. Plaintiffs objected to the R&R. They argue that Judge Faruqui applied an incorrect legal standard in his analysis of the IEP's sufficiency and that he erred in adopting the hearing officer's findings because he failed to consider properly Plaintiffs' evidence.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered his recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Winston & Strawn LLP v. FDIC*, 841 F. Supp. 2d 225, 228 (D.D.C. 2012). The district court may then "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see* LCvR 72.3(c). When objecting to a report and recommendation, "the parties may not present new issues or arguments to the district judge; rather, 'only those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court.'" *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. Sept. 30, 2013) (quoting *Aikens v. Shalala*, 956 F. Supp. 14, 19–20 (D.D.C. 1997)). "And when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Id.* (cleaned up).

## III.   Analysis

Plaintiffs object to the R&R on two grounds. First, they argue that Judge Faruqui applied an incorrect legal standard that led to a "flawed analysis" of Defendant's proposed IEP. *See* ECF

No. 29 at 3.  Second, Plaintiffs argue that Judge Faruqui did not consider their witnesses' testimony when adopting the hearing officer's determinations.  *See id.* at 4.  Neither objection is well founded.

### A.     Judge Faruqui Applied the Proper Legal Standard

Plaintiffs first argue that the R&R is flawed because Judge Faruqui applied an incorrect legal standard when analyzing the sufficiency of N.G.'s IEP, in terms of the progress that it must produce.  They say that Judge Faruqui applied the barely more than *de minimis* standard, *see* ECF No. 28 at 3 (citing *K.S. v. District of Columbia*, 962, F. Supp. 2d 216, 220–21 (D.D.C. 2013)), even though the Supreme Court has adopted a higher standard.  *See Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 1000–01 (2017) (explaining that "[i]t cannot be the case that the [IDEA] typically aims for grade-level advancement for children with disabilities who can be educated in the regular classroom, but is satisfied with barely more than *de minimis* progress for those who cannot").

Judge Faruqui applied the correct legal standard.  He explained that "[a]n IEP must be likely to produce progress, *not regression or trivial educational advancement*."  ECF No. 28 at 3 (quoting *K.S.*, 962 F. Supp. 2d at 220–21) (emphasis added).  Judge Faruqui also quoted *Endrew F.* when articulating the overarching governing standard.  *See* ECF No. 28 at 3 ("When evaluating an IEP, a court must determine whether . . . the IEP was 'reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances.'" (quoting *Endrew F.*, 137 S. Ct. at 999)).  And later, he relied on a D.C. Circuit decision citing *Endrew F.* to again recognize that the "key inquiry regarding an IEP's substantive adequacy" is whether the IEP "was reasonably calculated to enable the specific student's progress."  *Id.* at 19–20 (quoting *Z.B. v. District of Columbia*, 888 F.3d 515, 524 (D.C. Cir. 2018) (citing *Endrew F.*, 137 S. Ct. at 999)).  In the end, nothing in the record suggests that he was mistaken or confused about the applicable legal standard.

True, Judge Faruqui quoted *K.S.*—a case that predates *Endrew F.* but appears to remain good law—for the proposition that the IDEA provides a "basic floor of opportunity" for students, which Plaintiffs argue reflects a misunderstanding of the standard. But he cited that case only to explain that the IDEA does not guarantee a particular outcome—a point that *Endrew F.* confirms. *See* 137 S. Ct. at 998 (acknowledging the "unobjectionable proposition that the IDEA cannot and does not promise any particular educational outcome" given that "no law could do that—for any child" (cleaned up)).

Thus, the Court finds that Judge Faruqui applied the correct legal standard: that the IDEA requires something "more demanding" than "merely more than *de minimis*" student progress and that an IEP must be "tailored to the unique needs of" the student.[1] *Endrew F.*, 137 S. Ct. at 1000.

### B. Judge Faruqui's Adoption of the Hearing Officer's Factual Determinations Was Not Improper

Plaintiffs next object to Judge Faruqui's adoption of the hearing officer's factual determinations. Specifically, Plaintiffs argue that the hearing officer—and by extension Judge Faruqui—failed to "appropriately consider" their witnesses' testimony and evidence.

Although the Court must review the R&R de novo on this point, Judge Faruqui correctly noted that he must give the hearing officer's decision "due weight," *D.K. v. District of Columbia*, 983 F. Supp. 2d 138, 148 (D.D.C. 2013), if it was "thorough and well-reasoned, with multiple citations to testimony, evidence and relevant case law," *A.T. v. District of Columbia*, No. 16-cv-1086 (CKK), 2021 WL 1978792, at *6 (D.D.C. May 18, 2021). In addition, "factual findings from

---

[1] Plaintiffs appear to attack the entire R&R by arguing that Judge Faruqui's application of an incorrect legal standard led to an "erroneous analysis throughout the decision." ECF No. 29 at 1. But they only argue that Judge Faruqui applied an improper legal standard; they do not object to any specific finding that, in their view, does not meet the correct standard. *See id.* at 1–4. Thus, the Court's de novo review is limited to whether Judge Faruqui applied the proper legal standard. *See* Fed. R. Civ. P. 72(b)(3).

administrative proceedings are to be considered prima facie correct" absent contrary evidence in the record.  *D.R. ex rel. Robinson v. District of Columbia*, 637 F. Supp. 2d 11, 16 (D.D.C. 2009) (cleaned up).  The R&R also notes that courts "should not 'substitute their own notions of sound educational policy for those of the school authorities which they review.'"  ECF No. 28 at 8–9 (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982)).

Any suggestion that Judge Faruqui failed to make an "independent decision" by not considering Plaintiffs' witnesses' testimony or potential deficiencies in the hearing officer's determinations falls short.  *See Rowley*, 458 U.S. at 205–06.  Judge Faruqui explained *why* he thought the hearing officer's determinations were sound.  For example, he stated that "there are numerous examples of [the hearing officer] discussing and crediting witness testimony as well as recognizing deficiencies in some of the testimony."  ECF No. 28 at 15 (quoting *A.T.*, 2021 WL 1978792, at *7).  He also described why the hearing officer credited the testimony of Defendant's witnesses, such as one in particular who testified that "N.G.'s needs were not as acute as described by Plaintiff[s]" and that N.G. should not be "secluded in specialized education."  ECF No. 28 at 15; ECF No. 7-1 at 24–25.  And he explained that the hearing officer "provided the basis for his conclusions," including that Plaintiffs' witnesses failed to "back[] up their testimony" that N.G. needed to be placed at the Lab School "with specific examples of [N.G.'s] problems in managing large, non-academic groups of children" to justify that placement.  ECF No. 28 at 16; ECF No. 7-1 at 24.  All this directly contradicts Plaintiffs' contention that Judge Faruqui "fail[ed] to acknowledge" their witnesses' testimony and "relied solely on the testimony of [Defendant's] witnesses."  *See* ECF No. 29 at 4.  He did not.

In any event, there is sufficient—indeed ample—support in the record for the hearing officer's "thorough and well-reasoned" determinations.  *See A.T.*, 2021 WL 1978792, at *6.  To

5

begin with, Defendant's witnesses "were familiar with [N.G.], her educational needs, her school records, and the appropriateness of [Noyes Elementary School] for [N.G.]." *See id.* Three of them had reviewed extensive records from N.G.'s time at E.L. Haynes Public Charter School in forming their opinion that N.G. should be placed at Noyes. *See* ECF No. 28 at 13–14. One also made clear that Defendant considered "all of N.G.'s prior information," including information from N.G.'s time at the Lab School of Washington, in formulating N.G.'s 2019–2020 IEP. *See* ECF No. 28 at 14. And others stated that N.G. needed access to "general education peers for language development" and that the Lab School presented "a highly restrictive setting." ECF No. 28 at 15–16.

At bottom, the record adequately supports the hearing officer's "reasoned and specific findings" as to witness credibility. *M.O.*, 20 F. Supp. 3d at 40. The Court's independent review of the record confirms that Judge Faruqui did not err in affording the hearing officer the "amount of deference [that] should be accorded to [his] knowledge and expertise" and agreeing with his ultimate determination that Defendant's proposed IEP satisfied the IDEA. *Id.*; *see S.M. v. District of Columbia*, No. 19-cv-2096 (RC), 2020 WL 7230266, at *5 (D.D.C. Dec. 8, 2020) (deferring to hearing officer's decision to credit testimony by the defendant's witnesses over the plaintiffs' expert witness).

## IV.   Conclusion

For all the above reasons, upon consideration of the record, the R&R, and Plaintiffs' objections to specific portions of the R&R, the Court will adopt in its entirety Judge Faruqui's

R&R, ECF No. 28, grant Defendant's motion for summary judgment, ECF No. 22, and deny Plaintiffs' motion for summary judgment, ECF No. 18.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 31, 2022